**Leonard HARRIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 4938.**

United States Court of Appeals
Tenth Circuit.

Oct. 12, 1954.

Leonard Harris, pro se.

William C. Farmer, U. S. Atty., Wichita, Kan., Selby S. Soward, Asst. U. S. Atty., Topeka, Kan., for appellee.

Before BRATTON, MURRAH, and PICKETT, Circuit Judges.

PER CURIAM.

On February 8, 1952, an indictment was returned against the appellant charging him with wilfully, knowingly and feloniously obtaining and possessing 108½ grains of bulk marihuana without having paid the tax thereon as required by law. 26 U.S.C.A. § 2593(a). Appellant appeared before the United States District Court for the District of Kansas, together with court-appointed counsel, and entered a plea of guilty to the indictment. On that plea appellant was sentenced to imprisonment for five years.

On April 30, 1954, appellant filed a motion under 28 U.S.C.A. § 2255 to set aside the sentence on the ground that the section which he allegedly violated was derived from the Marihuana Tax Act of 1937 which was repealed February 10, 1939, and that the court lacked jurisdiction to impose the judgment and sentence because the law under which he was sentenced had been repealed.

The trial court denied the motion and entered an order in which it specifically found that the motion and the files and records of the case conclusively showed that the appellant was entitled to no relief; that it had jurisdiction to render the judgment; that the sentence imposed was duly authorized by law; that the sentence imposed was not open to col-

lateral attack; and that there had been no denial or infringement of the constitutional rights of the appellant to render the judgment vulnerable to collateral attack.

This appeal raises the same question as presented to the District Court. It is also contended that appellant was not sentenced under the penalty section of the statute and that he is therefore only liable for the tax imposed by 26 U.S.C.A. Sections 2590(a), 2593(a), 3230(a), 3230(b), 3230(c), 3230(d), and 3234.

26 U.S.C.A. § 2593(a) provides:

"Persons in general. It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 2590(a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the collector; to produce the order form required by section 2591 to be retained by him, shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 2590(a)."

This section is a part of subchapter C of Chapter 23 relating to narcotics. On November 2, 1951, prior to the date appellant was indicted, Section 2557(b) (1) of Title 26 was amended. It provides:

"(1) Whoever commits an offense or conspires to commit an offense described in this subchapter, subchapter C of this chapter, or parts V or VI of subchapter A of chapter 27, for which no specific penalty is otherwise provided, shall be fined not more than $2,000 and imprisoned not less than two or more than five years. * * *" 26 U.S.C.A. § 2557 (b) (1).

Section 2593(a) defines the offense to which appellant pleaded guilty and Section 2557(b) (1) provides the penalty. The sentence imposed was proper.

Judgment affirmed.